■ SHEILA FREED, Respondent, v YOCHAI KAPLA, Appellant. [13 NYS3d 26]—Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered May 20, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion for leave to renew and granted his motion for

leave to reargue the court's decision, dated January 28, 2014, and adhered to that decision directing him to vacate plaintiff's separate residential property at 225 Central Park West, Apartment 515, New York, New York; denied his requests for an award of temporary maintenance, for damages for injuries he allegedly sustained while being served by a process server, and for a psychiatric evaluation of plaintiff; and granted plaintiff's motion for summary judgment to the extent of finding the parties' prenuptial agreement valid and enforceable, unanimously affirmed, without costs.

There is a strong public policy in New York favoring the enforcement of duly executed prenuptial agreements (*see Anonymous v Anonymous*, 123 AD3d 581, 582 [1st Dept 2014]). Here, defendant husband failed to provide any basis for invalidating the prenuptial agreement in which he consented to waive support and maintenance payments and to vacate plaintiff wife's separate residential property after notice that she intended to permanently separate from him. Her alleged oral promise to take care of him was insufficient to overcome the clear and unambigous language of the prenuptial agreement (*see Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008]).

The court also properly dismissed any claims asserted by the husband against the process server because the process server was not a party to the action.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.